IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:23-cv-01695 (RDA/WBP) |
| ) | |
| GITSIT Solutions, LLC, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant GITSIT Solutions, LLC's ("Defendant") Motion to Strike Plaintiff's Amended Complaint Filed April 3, 2024. ("Motion"; ECF No. 35.) On April 17, 2024, Plaintiff opposed the Motion. (ECF No. 38.) While Defendant has set the Motion for oral argument on May 15, 2024, the Court cancels the hearing, as oral argument will not aid the decisional process. For the reasons stated below, Defendant's Motion is GRANTED.

The Federal Rules of Civil Procedure allow a party to amend its pleading once as a matter of course 21 days after service of the pleading or, if the pleading requires a response, 21 days after service of the responsive pleading. FED. R. CIV. P. 15(a)(1). Otherwise, a party may only amend a pleading with the opposing party's written consent or by leave of court. FED. R. CIV. P. 15(a)(2).

Plaintiff Ryan-Tyrone Morris ("Plaintiff") filed his Complaint on December 12, 2023. (ECF No. 1.) On February 1, 2024, Plaintiff moved for a default judgment against Defendant, which Defendant opposed. (ECF Nos. 9, 11.) On February 16, 2024, the Court denied Plaintiff's motion for default judgment and ordered Defendant to file a responsive pleading by March 8, 2024. (ECF No. 12.) On March 6, 2024, Defendant filed a Motion to Dismiss that included a

Roseboro Notice. (ECF No. 14.) On March 7, 2024, Plaintiff objected to the Motion to Dismiss and also filed his first amended complaint. (ECF Nos. 17, 18.) Defendant moved to dismiss Plaintiff's first amended complaint on March 20, 2024 (ECF No. 24); Plaintiff opposed the motion to dismiss on March 29, 2024 (ECF No. 31); and Defendant replied in support of its to dismiss on April 3, 2024 (ECF No. 33). Before the Court had an opportunity to rule on Defendant's motion to dismiss, on April 3, 2024, Plaintiff filed a second amended complaint, without leave of Court and without Defendant's permission. (ECF No. 34.)

The Court knows that Plaintiff is proceeding with this action *pro se*, but such status does not render him immune from following this Court's rules. *See Taylor v. Revature, LLC*, Civil Action No. 1:22-cv-1153, 2023 WL 6445857, *4-5 (RDA/JFA) (striking *pro se* plaintiff's amendment for failure to receive consent from defendant or leave of court) and *Haas v. City of Richmond*, Civil Action No. 3:17-cv-260, 2018 WL 3826776, *6 (holding that "*pro se* parties are still persons seeking action by a Court of the United States and must satisfy the requirements of doing so" and noting "Plaintiffs continue to file pleading after pleading with no apparent understanding of what they are doing, what they are demanding of the various Defendants, or the imposition they continue to impose upon the Court and Defendants' resources and time.").

Because Plaintiff received neither Defendant's permission nor leave of court to file his second amended complaint, the Court grants Defendant's Motion, and Plaintiff's second amended complaint (ECF No. 34) is stricken from the docket.

Entered this 17th day of April 2024.

_____

William B. Porter

United States Magistrate Judge

Alexandria, Virginia

2