IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| RYAN-TYRONE MORRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:23-cv-1695 (RDA/WBP) |
| | ) |
| GITSIT SOLUTIONS, LLC, | ) |
| | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on Defendant GITSIT Solutions, LLC's ("Defendant") Motions to Dismiss (Dkts. 14; 24), Plaintiff Ryan-Tyrone Morris' Motion for Summary Judgment ("Plaintiff") (Dkt. 19), Plaintiff's Demand for Documents (Dkt. 21), Plaintiff's Motion to Amend Complaint (Dkt. 40), Magistrate Judge William B. Porter's Report and Recommendation (Dkt. 80) ("R&R"), Plaintiff's Motion for Declaratory Judgment (Dkt. 46), and Plaintiff's Motion to Nonsuit (Dkt. 49). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. This Court dismisses the case for the reasons that follow.

I. FACTUAL BACKGROUND[1]

Plaintiff Ryan-Tyrone Morris alleges that, on June 28, 2019, Defendant GITSIT Solutions, LLC began collecting payments from Plaintiff pursuant to an agreement by which Defendant claims to have made a loan to Plaintiff in the amount of $351,989.77 to fund the purchase of a

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Amended Complaint (Dkt. 17) as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

property at 333 Woodstream Boulevard in Stafford, Virginia (the "Property"). Dkt. 17 at 1. "This relationship between Plaintiff and [Defendant] ended on or around July 16, 2020." *Id.*

Plaintiff asserts that Defendant misled Plaintiff as to the existence of an agreement to repay the loan, stating that"[t]he entire alleged agreement is based on false and misleading statements, lack of full disclosure, identity theft and fraud." *Id.*

## II. PROCEDURAL BACKGROUND

Plaintiff filed his original Complaint on December 12, 2023. Dkt. 1. Defendant moved to dismiss the Complaint on March 6, 2024. Dkt. 14.

Plaintiff subsequently filed an Amended Complaint, a Motion for Summary Judgment, and a Demand for Documents on March 7, 2024. Dkts. 17; 19; 21. Defendant moved to dismiss the Amended Complaint on March 20, 2024. Dkt. 24.

Plaintiff then filed a Motion to Amend the Amended Complaint on April 19, 2024, Defendant filed an Opposition on May 3, 2024, and Plaintiff replied on May 6, 2024. Dkts. 40; 42; 43. On May 17, 2024, Magistrate Judge William B. Porter issued an R&R recommending that the Motion to Amend be denied. Dkt. 44. Plaintiff filed an Objection to the R&R on the same day. Dkt. 45.

Plaintiff moved for Declaratory Judgment on August 14, 2024, Dkt. 46, and Defendant filed an Opposition on August 27, 2024, Dkt. 48.

On November 11, 2024, Plaintiff filed a motion for nonsuit pursuant to Va. Code § 8.01-380. Dkt. 49.

## III. LEGAL STANDARD

Federal Courts have discretion under Rule 41(a)(2) of the Federal Rules of Civil Procedure to allow voluntary dismissal, unless a party will be unfairly prejudiced. *See* Fed. R. Civ. P.

41(a)(2); *see Davis v. USX Corp.*, 819 F.2d 1270, 1273 (4th Cir. 1987). "[A] district court should grant a Rule 41(a)(2) motion 'absent plain legal prejudice to the defendant . . . A defendant cannot establish prejudice sufficient to defeat a Rule 41(a)(2) motion merely by showing that it has filed a summary judgment motion . . . . or that it faces the prospect of a subsequent lawsuit[.]" *Bridge Oil, Ltd., v. Green Pacific A/S*, 321 F. App'x 244, 245 (4th Cir. 2008) (internal citations omitted); *see also Ellet Bros. Inc. v. U.S. Fidelity & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001). In evaluating prejudice in this type of motion, the following factors are relevant, though not exclusive: (1) the opposing party's effort and expense in preparing for trial; (2) excessive delay or lack of diligence on the part of the movant; (3) insufficient explanation of the need for dismissal; and (4) the present stage of the litigation. *See Gross v. Spies*, 1998 WL 8006, 133 F.3d 914 (Table) (4th Cir. 1988); *see also Teck Gen. P'ship v. Crown Cent. Petroleum Corp.*, 28 F.Supp.2d 989, 991 (E.D. Va. 1998).

## IV. ANALYSIS

Because Plaintiff's Nonsuit is potentially dispositive, the Court addresses that issue first. Plaintiff asserts: "Pursuant to Va. Code § 8.01-380, Plaintiff Ryan-Tryone: [sic] Morris, hereby nonsuits this action without prejudice." Dkt. 49. Although Plaintiff cites to provision of the Virginia Code, the Court construes his "nonsuit" as seeking voluntary dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Debord v. Grasham*, 2014 WL 3734320, at *2 (W.D. Va. July 28, 2014) (construing a motion to nonsuit as a motion for voluntary dismissal under Rule 41); *cf. Dodson v. DHI Mortg. Co., Ltd.*, 2007 WL 4268903, at *2 (E.D. Va. Nov. 30, 2007) (construing a motion to dismiss as a "Motion to Nonsuit under Federal Rule of Civil Procedure 41").

Here, although the parties have engaged in extensive briefing of a myriad of issues (raised mostly by Plaintiff), Defendant has neither filed an answer nor filed for summary judgment. Because no discovery has been taken and no trial date has been set, "it seems that the bulk of efforts and expenses associated with trial preparation have not truly begun in earnest." *Patel v. Jackson Nat'l Life Ins. Co.*, 2016 WL 9211718, at *1 (E.D. Va. June 23, 2016). Thus, it is appropriate for the Court to grant the request to voluntarily dismiss this matter without prejudice.

Accordingly, it is hereby ORDERED that Plaintiff's motion to nonsuit (Dkt. 49) is GRANTED; and it is

FURTHER ORDERED that this action is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Dkt. 14), Plaintiff's Motion for Summary Judgment (Dkt. 19), Plaintiff's Demand for Documents (Dkt. 21), Defendant's Motion to Dismiss (Dkt. 24), Plaintiff's Motion to Amend (Dkt. 40), and Plaintiff's Motion for Declaratory Judgment (Dkt. 46) are DENIED as MOOT; and it is

FURTHER ORDERED that the Court declines to adopt the R&R (Dkt. 44) because, given Plaintiff's voluntary dismissal the R&R is MOOT; and it is

FURTHER ORDERED that the Clerk of the Court is DIRECTED to place this matter among the ended causes.

IT IS SO ORDERED.

Alexandria, Virginia
November 20, 2024

/s/
Rossie D. Alston, Jr.
United States District Judge

4